## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NOOR AYESHA NH, | : | Case No. 3:22-cv-210 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| AHMED HUSSAIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

This matter is before the Court *sua sponte* for an initial review of *pro se* Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for lack of subject-matter jurisdiction.

Plaintiff filed her Complaint in June 2022 (Doc. #1) and her motions for leave to proceed *in forma pauperis* in July 2022. (Doc. #s 3, 5). United States Magistrate Judge Elizabeth Preston Deavers granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* and indicated that the Court would conduct an initial review of Plaintiff's Complaint as soon as practicable. (Doc. #6). Magistrate Judge Deavers then transferred the case to the United States District Court for the Southern District of Ohio Western Division at Dayton. (Doc. #8). On August 8, 2022, Plaintiff filed an Amended Complaint, bringing claims against approximately fifty-four Defendants. (Doc. #9).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

In her Amended Complaint, Plaintiff asserts that she "is filing writ petition in nature of habeas corpus." *Id.* at 115.  Plaintiff sets forth the following summary of the grounds for her claims:

> A.  Petitioner was implicated in quarrel in year 2016.
> B.  Petitioner was harassed with false medical record to defame.
> C.  Petitioner was stopped from travelling to USA for MS at Dayton, Ohio. sending uncle behind her in Aug year 2019 and deferred date Jan 2019.
> D.  Pressurised to buy house, leave her job at tech Mahindra in year Feb 2020.
> E[.] Stopped her from reaching courts in Bangalore.
> F[.] Abused via false cases at bangalore 1d courts for no cause /hiding her actual Address/ illegal prayer.
> G[.] Harassed through advocates in Bangalore / Delhi and made false statement of targeting them.

*Id.* at 131 (errors in original).  Plaintiff's Amended Complaint also contains additional information regarding these grounds, *id.* at 115-31, and she included numerous exhibits, *id.* at 133-443.  These exhibits include, for example, medical records and receipts, *id.* at 134-38, 166-67, 202-05, a notice of scholarship to Plaintiff for the master's program at University of Dayton, *id.* at 155, a receipt of payment from University of Dayton, *id.* at 156, Plaintiff's complaints to various police stations and officials in India, *id.* at 165, 169-75, 170-80, 182-88, and various documents from courts in India, *id.* at 216-77.

In her prayer for relief, Plaintiff requests that the Court:

> 1)  To issue an appropriate writ or order or direction against respondent to restrain with cost imposition for abusing petitioner.
> 2)  Provide online link to join court proceedings.
> 3)  Pass such other writ , order(s) , or direction (s) as is deem fit and proper in the premises Of the case , which is not specifically prayed for herein above.

*Id.* at 132 (errors in original).

In accordance with 28 U.S.C. § 1915(e)(2), the Court must dismiss Plaintiff's Amended Complaint if her claims (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief.  It

is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in her favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Pursuant to Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction …." "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Accordingly, in addition to § 1915(e)(2) review, the Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Williams v. Cincy Urban Apts.,* No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (Weber, D.J.) (citing *Carlock v. Williams,* 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

3

In the present case, Plaintiff does not state any basis for this Court's jurisdiction.  Upon review of Plaintiff's Amended Complaint, the undersigned finds that there is no plausible legal basis for establishing subject-matter jurisdiction over this action.

District courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In this case, Plaintiff alleges various claims against Defendants, none of which involve or arise under any federal laws or the United States Constitution.  Indeed, her Amended Complaint is devoid of reference to any federal laws, regulations, or provisions under the United States Constitution.  Because Plaintiff's claims do not arise under the Constitution, laws, or treaties of the United States, Plaintiff is unable to establish this Court's subject-matter jurisdiction under 28 U.S.C. § 1331.

Further, to the extent that Plaintiff relies on diversity of citizenship under 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction, her claim fails.  Under 28 U.S.C. § 1332, District courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties...."  28 U.S.C. § 1332(a).

Here, Plaintiff has not alleged any specific monetary damages.  She asks the Court "to restrain with cost imposition" but does provide any indication of her costs.  *See* Doc. #9, *PageID* #132.  Based on her Amended Complaint, the undersigned cannot conclude that the amount in controversy exceeds $75,000.  Further, Plaintiff has failed to satisfy the complete diversity requirement.  Plaintiff did not adequately allege her own citizenship—she merely indicates her address is in Bangalore, India.  (Doc. #9, *PageID* #109).  Likewise, Plaintiff does not identify

Defendants' citizenship.  All their addresses are in India.  *Id.* at 109-15.  Notably, Plaintiff does not allege that any of the Defendants residing in India may be domiciled elsewhere for purposes of determining their citizenship.  If all parties are citizens of India, jurisdiction cannot be predicated on either § 1332(a)(1) or (a)(3) because U.S. citizens are not on both sides of the controversy.  Furthermore, "the presence of foreign parties on both sides of the dispute destroys the complete diversity required by § 1332(a)(2)."  *U.S. Motors v. Gen. Motors Eur.*, 551 F.3d 420, 424 (6th Cir. 2008).  Accordingly, Plaintiff has failed to plausibly allege diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Amended Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3); and

2. The case be terminated on the Court's docket.


 September 1, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

5

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

6